## STOCKWELL *vs.* VEITCH and HILLIER.

The 34th section of the act of March 30, 1850, in relation to the assessment and collection of taxes in the city of New York, &c. (*Laws of* 1850, *p.* 188,) authorizing a levy, for a tax, upon the goods and chattels of the person against whom a warrant is issued, or upon goods and chattels in his posses- sion, &c. was not intended to cover a mere constructive possession, where there is not a sole and actual possession.

The act is to be construed strictly, and no property which is not actually in possession of the party who is taxed should be held liable to seizure.

If the property does not belong to the person assessed, it must be solely in his possession.

THIS is an action brought to recover possession of personal property, commenced July 8, 1858. The plaintiff, a resident of Kentucky, was the owner of ten barrels of whisky, which he consigned for sale, on his account, to the firm of Purdue & Ward, consisting of John Purdue and John S. Ward, commission merchants, New York. Purdue & Ward placed the goods on storage, subject to their order, or that of the plaintiff, with John H. Brust, who had a place of busi- ness in the same building, but independent of Purdue & Ward. While the goods were thus situated they were seized by the defendant Hillier and placed in possession of the other defendant, for sale by him, under a distress warrant for the collection of a tax for the year 1857, against Purdue individ- ually; whereupon, after demand made, the plaintiff brought this action. The answer of the defendants substantially justified the taking and detention, under the distress war- rant, of the property in question as the property of Purdue, and in his possession. In relation to the tax against Purdue, the following facts appeared: From the fall of 1856 to the time of the trial, Purdue was a resident of the state of Indiana, and was in partnership with John S. Ward, in Brooklyn. In 1857 (the year in which the tax in question was laid against him) he had no property or money invested in the city and county of New York, and did not reside there, nor had he or Purdue & Ward any place of business

in the city or in the state of New York. Indeed, from the fall of 1856, up to the time of the trial, he had not been in business on his own account, either in New York or Brooklyn. In the spring of 1858, Purdue & Ward opened an office for the reception of orders &c. at 39 Pearl street, their business being still conducted in Brooklyn, and during that spring the ten barrels of whisky in question belonging to the plaintiff were shipped to New York, to the care of Purdue & Ward, consignees and agents of the plaintiff, to sell, or subject to his order, should he see fit to put it in other hands. Purdue & Ward, as before stated, stored the property with Brust, in whose possession it was seized. Purdue & Ward had no property or interest in the whisky. The tax against Purdue was for the year 1857, and was imposed upon him in terms as a non-resident, under the law of 1855. (*Laws of 1855, ch. 37.*) The testimony being closed, the court instructed the jury that it was the intent and meaning of the statute that where an individual was assessed and taxed, the tax should be collected exclusively from his individual property, and could not be collected from property in which he was jointly interested with another; and that in this case the property not being his, nor in his possession, the constable had no right to levy upon it, nor could he levy upon it as the copartnership property of Purdue & Ward, under a warrant against Purdue individually; and that they should find a verdict for the plaintiff: to which the defendants' counsel excepted. The jury thereupon rendered a verdict for the plaintiff, and assessed the value of the goods levied upon at $400; and the court thereupon ordered entry of judgment upon the verdict to be suspended, and that the defendants' exceptions should be heard in the first instance at the general term of the court.

*A. R. Dyett*, for the plaintiff.

*Henry H. Anderson*, for the defendants.

---

Stockwell *v.* Veitch.

---

*By the Court,* INGRAHAM, P. J. The amended statute (*see act of* 1850, *p.* 194, § 34,) authorizes a levy, for a tax, upon the goods and chattels of the person against whom the warrant issued, or goods and chattels in *his* possession, wheresoever the same shall be found within the city; and provides that no claim of property to be made to such goods and chattels so found in the possession of the said party, shall be available to prevent a sale.(*a*) To come within these provisions, the property levied on must be either the property of the person assessed, or the goods must be actually in the possession of such person.

In the present case, the goods were consigned to a firm in the city of New York, of which the person assessed was a member. He did not have the actual possession of the property. It was only constructively that he could have even a partial possession with another. The officer having the warrant had no authority to take the property from the possession of the other partner, and in doing so he was a trespasser. The law did not provide for such a case. Nor do I think it was intended to cover a mere constructive possession where there was not a sole and actual possession. Oppressive as such a law is, it should be construed strictly, and no property which is not actually in possession of the party who is taxed should be held liable to seizure.

I am of the opinion that if the property does not belong to the person assessed, it must be solely in his possession. The case of *Sheldon* v. *Van Buskirk,* (2 *Comst.* 473,) was

(*a*) This act is amended by the act of February 27, 1855, which declares that all persons and associations doing business in the state of New York, as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise, and *not residents of this state,* shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of this state; and that said taxes shall be collected from the property of the firms, persons or associations to which they severally belong. (*Laws of* 1855, *ch.* 37.)

REPORTER.

one in which the property was proved to be in the possession of the person against whom the warrant issued, and is not applicable to this case.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 3, 1862.  *Ingraham, Leonard* and *Peckham*, Justices.]