THE FIRST NATIONAL BANK OF SANDY HILL, Respondent,
*v.* IRA FANCHER, Appellant.

The authority given to a tax collector by his warrant is special and exceptional, and must be pursued according to its terms.

Where, upon an assessment roll, there appears an assessment against a stockholder in a bank for the amount of his stock, under the usual warrant attached, directing the collector to collect from the persons named, and to levy the same of their goods and chattels, the collector is not authorized to levy upon and collect the same of the property of the bank, although the bank holds funds with which the tax should have been paid. A contract between the bank and its stockholders cannot thus be enforced.

An assessment upon the shares of a national bank, under the act of 1865 (sec. 10, chap. 97, Laws of 1865), is invalid and cannot be enforced. (*The City of Utica* v. *Churchill*, 33 N. Y., 161, overruled under authority of *Van Allen* v. *Assessors*, 3 Wal., 573.)

(Argued January 6, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of plaintiff, entered upon the decision of the court upon trial at circuit, without a jury. (Reported below, 52 Barb., 138.)

This was an action for trespass, in taking from plaintiff's possession currency to the amount of $119.27. Defendant justified as collector of the village of Sandy Hill, under a warrant issued to him by the trustees of said village. The warrant commanded him to collect from the *several persons therein named* the sums assessed against them respectively. Plaintiff's shareholders were assessed for their stock. Their names, the number of shares (described as bank stock), the amount and amount of tax were entered upon the roll. The tax not having been paid, defendant called at plaintiff's banking-house and demanded payment, and, upon refusal, levied upon and seized the money. All the stockholders resided in the village, and possessed personal property therein.

*L. H. Northrup* for the appellant. Bank shares are personal

property, and taxable as such. (§§ 12, 41, chap. 106, Laws of Con., 1864; *City of Utica* v. *Churchill,* 33 N. Y., 161; *Van Allen* v. *Assessors,* 3 Wal., 573; 41 How., 493.) Even if the law taxing the stock was void it would not affect this case. (41 How., 493; 37 N. Y., 511.) The system of taxation for municipal purposes is distinct and independent of that for county and State purposes. The shares are taxable for the former. (*Mayor, etc., of Troy* v. *The Mutual Bank,* 20 N. Y., 387; *The American Transportation Co.* v. *The City of Buffalo,* 23 Barb., 272; *Same Case,* 20 N. Y., 388.) The assessors acted judicially. (*Chega* v. *Jenkins,* 1 Seld., 376, 381; *Weaver* v. *Devendorf,* 3 Denio, 117; 41 How., 493; 37 N. Y., 511.) And the only way to review their acts is by a direct proceeding for that purpose. (*Porter* v. *Purdy,* 29 N. Y., 106; 37 id., 511; 41 How., 493.) The roll and warrant were regular, and protected defendant. (*Sheldon* v. *Van Buskirk,* 2 Comst., 473; *Savacol* v. *Boughton,* 5 Wend., 170, approved in *Porter* v. *Purdy,* 29 N. Y., 113; *Abbott* v. *Yost,* 2 Denio, 86; 37 N. Y., 511; 41 How., 493.) The State has power to compel a national bank to pay the taxes of its shareholders. (*National Bank* v. *Commonwealth,* 9 Wal., 353.) It is not essential that the levy should be made on the chattels of the person named in the assessment roll. (10 Wend., 346; 27 Bar., 34; 39 id., 479.)

*U. G. Paris* for the respondent. The assessment was invalid. (*Van Allen* v. *The Assessors,* 3 Wal., 573.)

Hunt, C. The warrant in the hands of the defendant, as collector, directed him to collect the amounts specified from the persons named, and "to levy the same of the goods and chattels of such persons." Assuming the regularity of the assessment, that the property was subject to the assessment made, and that the bank held the funds with which the tax should have been paid, the defendant is not justified. By his warrant, if necessary to obtain payment, he was authorized to levy upon the goods of the persons named. No other authority

was confided to him. This authority is special and exceptional. It must be pursued according to its terms. Allen Brothers were the first persons named in the assessment roll given in evidence. Their property was assessed at $10,000, and a tax of sixteen dollars was imposed upon the same. This tax the collector was authorized and directed to collect by a levy and sale of the goods and chattels of the Messrs. Allen, if this sum should not be voluntarily paid. But he had no authority to levy upon the goods of another person to make this sum. His authority did not reach to that extent. He probably had no authority to make such levy and sale, even with the consent of such other person. His authority was limited to two precise acts; first, to receive a voluntary payment; second, if such payment was not made, to levy upon and sell the goods of the persons named in the tax list. If the Sandy Hill Bank had undertaken to pay these taxes, there was probably a way in which the performance of their engagement could have been enforced, if payment could not have been otherwise obtained. But it is too clear for argument, that a tax collector could not enforce such an agreement by a seizure and sale of the property of the bank.

The assessment upon the shares of a national bank was for a tax imposed by authority of the State of New York. It was made in the autumn of the year 1865, and by virtue of the statute of the State of New York, passed in that year. (Laws 1865, ch. 97, § 10, p. 172.) It has been expressly adjudged by the Supreme Court of the United States (*Van Allen* v. *The Assessors*, 3 Wal., 573) that this statute was invalid, and that a tax imposed under its authority could not be enforced. *The City of Utica* v. *Churchill* (33 N. Y., 161), holding the contrary doctrine, was reversed by the case of *Van Allen* v. *The Assessors*. The tax sought to be enforced in this case was not therefore legally imposed. The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.