THE NIAGARA ELEVATING COMPANY, Respondent, *v.* DENNIS
McNAMARA, Appellant.

(Argued June 3, 1872; decided June 20, 1872.)

THIS action was for the recovery of possession of 7,000
bushels of barley malt, levied upon and taken by defendant as
collector of unpaid taxes for one of the wards of the city of
Buffalo, by virtue of a warrant issued to him as such by the
comptroller of said city. The warrant was in the proper
form. Attached to it was a transcript from the first and
second parts of the city tax roll. In the column headed
" persons' names " appeared " Niagara Elevating Company,"
in the next column headed " valuation of personal property,"
opposite this name was " $250,000," and opposite this in the
column headed " tax " was " $5,182.00." The levy was
made to collect the sum last named. Plaintiff claimed that
the assessment, in the manner and form it appeared upon the
roll, was void; that the plaintiff, being a corporation, should
have been assessed upon its capital stock in the manner and
form prescribed by the statute. By the second section of title
5 of the charter of the city of Buffalo the board of assessors are
directed to prepare an annual assessment roll of each ward in
the city, and to proceed as near as may be in the manner
required by town assessors, except as thereby provided. By
the third section each assessment roll for each ward is to con-
sist of two parts. The first is to contain the assessment of the
taxable land in the ward and the second is to contain " the
assessment of the taxable personal property and corporate
capital of the ward " (Sess. Laws of 1853, chap. 230, title 5, §
3, p. 473); in which shall be arranged in alphabetical order

the names of the inhabitants of the ward deemed taxable, and of all corporations, etc., deemed liable to taxation in the ward. In 1859 there was an amendment to the charter (chap. 388, Laws of 1859), which provided that incorporated companies located in that city should be taxable under and according to the provisions of chap. 456 of 1857 (§ 1), and that the assessment rolls should be made out in accordance with the provisions of that act (§ 2).

*Held*, that the purpose of the act of 1859 was not to affect the form of the roll, but to direct the method of arriving at the real value of the capital stock as distinguished from its nominal value, and that the provision in the act of 1859 directing the rolls to be made out according to the act of 1857 was not intended to direct as to form, but as to the process to reach the desired result, and that therefore the provisions of the charter, as far as form is concerned, are not affected by the acts of 1857 and 1859; that the provisions of section 2 of the charter did not make the provisions of the Revised Statutes as to the form of making up the roll obligatory upon the city assessors, inasmuch as that was " otherwise provided " by section 3; that the fact that the roll did not show in express terms that the $250,000 was a valuation of the capital stock of plaintiff, but that the same was placed in a column headed " valuation of personal property " was not such an indication to defendant of erroneous action upon the part of the assessors as made the warrant void; he had the right to suppose the valuation was of the capital stock classed under its generic name of personal property; and that the warrant and roll. did not apprise him of any lack of jurisdiction or of any vital error on the part of the board of assessors, and therefore protected him in making the levy.

*George B. Hibbard* and *D. F. Day* for the appellant.

*John Ganson* for the respondent.

FOLGER, J., reads opinion for reversal and new trial.
All concur.
Judgment reversed and new trial granted.