NIAGARA ELEVATING COMPANY, appellant, v. McNAMARA.

*Replevin — property seized for non-payment of taxes — tax-collector entitled to return of replevied property.*

Defendant, a tax collector, seized some malt belonging to plaintiffs for non-payment of taxes. Plaintiffs replevied the same, and the court of appeals decided that replevin would not lie in the case. *Held*, that defendant had acquired a special property in the malt and was entitled to a return of such malt, with damages for its detention, or to recover as its value the amount of tax and interest.

APPEAL from a judgment in favor of defendant, entered at a special term of the superior court of Buffalo upon a decision of the court and certified to the supreme court by reason of the disqualification of two judges of the superior court from hearing the appeal. The action was one of claim and delivery, brought by the plaintiff, a corporation, against Dennis McNamara, a collector of taxes of the city of Buffalo, to obtain the possession of certain malt seized by him for the non-payment of taxes. The only necessary material facts appear in the opinion.

*John Ganson,* for appellant. Defendant was not entitled to a return of the malt, even if plaintiff could not maintain the action. *Earl* v. *Camp,* 16 Wend. 562; *Dunlap* v. *Hunting,* 2 Den. 643; *Beach* v. *Botsford,* 1 Dougl. (Mich.) 199; 2 R. S. 531, §§ 53, 54; *Pierce* v. *Van Dyke,* 6 Hill, 613; *National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49.

*George B. Hibbard* and *David F. Day,* for respondent.

E. DARWIN SMITH, J. This action was for the claim and delivery of seven thousand bushels of barley malt which was the property of the plaintiff and was seized and taken by the defendant

as a collector of taxes, under a tax warrant issued to him by the comptroller of the city of Buffalo.

Annexed to such warrant was a transcript from the tax roll of the first ward of said city for the year 1868 upon which the plaintiff was taxed, under the heading of personal property, in the sum of $5,182. The plaintiff's property was seized under such warrant for the collection of such tax.

The action, which is equivalent to the old action of replevin which did not lie (as this action also does not, under section 207 of the Code), when the property has been taken for a tax or assessment or fine, was brought by, and delivery claimed upon, the assumption that the tax was illegally imposed, and that the warrant for its collection was void upon its face.

This question has been litigated in this action through the courts, and has been finally decided in the court of appeals against the plaintiff (*vide* 50 N. Y. 653).

On the trial under this decision of the court of appeals, when the defendant had shown that he was collector of taxes of said city of Buffalo and took said property under said warrant, which was then produced and given in evidence, he had made out a complete defense to said action.

The plaintiff's counsel then, among other objections to the plaintiff's recovery, which were all disposed of by the decision of the court of appeals, insisted further that the defendant in any event was not entitled to a return of the property. The learned judge who tried this cause ruled otherwise, and the defendant's counsel duly excepted to such decision.

The decision of the judge upon this point was clearly correct. He held that by force of the levy the defendant had acquired a special property in the malt and was entitled to a return of it with damages for its detention, and in default thereof was entitled to recover as the value or extent of such special property the amount of said tax, with interest thereon. This was clearly right. *Howland* v. *Willetts*, 9 N. Y. 173; Watson on Office of Sheriff, 190; *Earl* v. *Camp*, 16 Wend. 568. The judgment should be affirmed.

*Judgment affirmed.*