LORENZO DUBOIS, RESPONDENT, v. GROVE WEBSTER AND JAMES O'BRIEN, APPELLANTS.

WILLIAM A. NEAL, RESPONDENT, v. JAMES O'BRIEN, APPELLANT.

7h 371
169 NY³ 28

*Tax roll — seizure of property of third party for tax, when invalid — Trespass — Replevin — 2 R. S., 522, § 4 — Code, § 207, sub. 4.*

Certain real estate in Kingston was assessed to "Joseph Foster or occupant." Foster had sold all such real estate about three years before this assessment was made, and had removed from the city and State several months before such assessment was made. One N. was an occupant of a portion of the premises formerly owned by Foster, as a sub-tenant of one D., who leased the whole property of one H., the then owner. Plaintiff's horse was in the possession of N., and was seized and sold by defendants (treasurer and collector of the city of Kingston) to satisfy said tax.

*Held*, that the seizure and sale were without color of process against plaintiff D., as the horse was not in the possession of Foster, or of any occupant of any premises belonging to him.

*Held*, also, that when the statute provides that real estate may be assessed to the owner, the name of the owner must be inserted in the assessment roll, and it is the same with the word "occupant;" the occupant must be named or else

the tax roll gives no information to the collector of whom he may require pay
ment. The roll itself should show all the facts necessary to justify the action
of the collector. These defects appearing on the face of the roll rendered it
invalid, and the defendants liable for trespass.

The property levied on must be either the property of the person assessed, or the
goods must be actually in the possession of such person. It being neither in
this case, the plaintiff N. could maintain an action of replevin for the recov-
ery of his property. *Held*, also, that the evidence of the assessor, as to the
property intended to be assessed, was not admissible.

APPEALS from judgments for the plaintiffs, in two actions tried
together, without a jury, at the Ulster Circuit, in October, 1874, the
Neal case being replevin for a black horse; the Dubois case trespass
for wrongful taking and conversion of a bay horse.

*S. L. Stebbins*, for the appellants.

*A. Schoonmaker, Jr.*, for the respondents.

BOARDMAN, J.:

This was an action of trespass against the defendants, treasurer
and collector of the city of Kingston, for the wrongful taking and
conversion of the plaintiff's horse.

The assessment and levy under which the seizure was made was
as follows:

CITY OF KINGSTON TAX ROLL, FOR THE YEAR 1872. — WARD No. 8.

| Names of taxable inhabitants. | Quant'y of land. | Value, real. | Value, per- sonal. | Total valuation. | General tax. |
|---|---|---|---|---|---|
| Foster, Joseph, or occupant.. | ... | $1.200 | ... | $1,200 | $86.07 |

No objection was made to the assessment roll except to the portion
here set forth. Joseph Foster had sold all the real estate owned
by him in the city, in 1869, about three years before this assess-
ment was made, and had removed from the city and State several
months before the assessment. One Neal was an occupant of a
portion of the premises, formerly owned by Foster, as a sub-tenant
of Dingee, who leased the whole property of a Mrs. Halleck, the
then owner. Plaintiff's horse was in Neal's possession, and was

seized and sold by defendant to satisfy said tax. A recovery was had upon the ground that the horse was not in the possession of Joseph Foster, or of any occupant of premises belonging to said . Foster, and that the seizure and sale were without color of process against plaintiff.

The question is thus presented whether such an assessment is of any validity against plaintiff. The authorities seem to me quite conclusive that the defendants were not justified, by such an assessment, in the seizure of this property. Their authority must be strictly pursued, according to its terms. The tax is assessed against individuals in respect to their property. (*First National Bank of Sandy Hill* v. *Fancher*, 48 N. Y., 524.) Foster was not assessable in the city of Kingston, because he owned no real estate there and was not a resident. If he owned no real estate, there could be no occupant of it under him within the law. By the warrant the collector was directed to collect of the persons named in the tax list. He would be held liable for collecting from others than those assessed. *Clark* v. *Bragdon* (37 N. H., 572) is cited as an authority in point, though I am unable to verify it.

But I think the difficulty in the roll and warrant is radical. As we have seen, Foster did not own the property. As to him, the assessors acted without jurisdiction, he not being a resident of the State or the owner of any taxable property in Kingston. (*Mygatt* v. *Washburn*, 15 N. Y., 316; *Whitney* v. *Thomas*, 23 id., 281.)

The words, "or occupant," cannot give to the assessment any vitality. The occupant must be named or else the tax roll gives no information to the collector of whom he may require payment. (*Platt* v. *Stewart*, 8 Barb., 493; *Van Rensselaer* v. *Cottrell*, 7 id., 127; *Johnson* v. *Learn*, 30 id., 616.) When the statute provides that real estate may be assessed to the owner, the *name* of the owner must be inserted in the assessment roll. It is the same with the word occupant. Any other rule would lead to great confusion, uncertainty and injustice. These defects appearing on the face of the roll render it invalid. Under the assessment laws of the State such a defect would be fatal; and there is nothing in the special laws applicable to the city of Kingston to help the defendants.

From this view of the case it is apparent that the learned judge

was correct in rejecting the evidence of the assessor, as to the property intended to be assessed.

The roll itself should show all the facts necessary to justify the action of the collector. As this roll was fatally defective in this respect, the defendants were properly held liable for the trespass, and the judgment must be affirmed with costs.

The same reasons apply with equal force to the case of *Wm. A. Neal* v. *James O'Brien*, argued with the other case upon the same facts. The sole difference consists in the fact that this was an action of replevin. It is claimed by the appellant that this action will not lie. I think, however, the action will lie in that form, where the assessment roll is void as to the person whose property is taken. However valid this warrant may have been as to Foster, we have seen it is utterly void as to plaintiff, who was not assessed and in no respect liable for the tax. It was no more valid as against the plaintiff than it would have been against any third person, in no way interested in or connected with the property.

In such a case it cannot, I think, be justly claimed that the property was taken by virtue of a warrant for the collection of a tax, in pursuance of any statute of this State. (2 R. S., 522, § 4; Code, § 207, sub. 4.) It is not in the possession of the person assessed upon the tax roll, and it does not therefore come within the provisions of the statute whereby the collector is authorized to take the property by virtue of the warrant. If the property had belonged to Foster or been found in his possession, it may well be that he could not maintain replevin for its taking, because as to him the warrant was perfect on its face, and the collector was commanded to satisfy the tax out of his property, if not voluntarily paid. But there was no command or authority to satisfy the tax out of Neal's property, and the taking of Neal's property was not by virtue of the warrant. This view of the case is confirmed or illustrated in the following cases: *Wright* v. *Briggs* (2 Hill, 77); *O'Reilly* v. *Good* (18 Abb., 106); *Stockwell* v. *Vietch* (15 id., 412; S. C., 38 Barb., 650); *N. Y. and H. R. Railroad* v. *Lyon* (16 id., 651).

In *Stockwell* v. *Vietch* (*ante*), INGRAHAM, J., says: " The property levied on must be either the property of the person assessed, or the goods must be actually in the possession of such person."

It results from these cases that the rightful possessor of goods, unlawfully seized under a tax warrant against another, for the collection of the tax, may maintain an action for their recovery.

The case of *Hudler* v. *Golden* (36 N. Y., 446), was an action of replevin, brought by the person taxed, for the taking of his property. The warrant being regular on its face, the defendant was protected in its execution. The same principle is true of a defendant in an execution, who can only bring replevin when his property is exempt. But a stranger to the execution may bring replevin for any unlawful interference with his property, by the officer, under such execution. (See cases cited 1 Wait's Prac., 722.)

For the reasons given this judgment should also be affirmed with costs.

Present — BOARDMAN and BOCKES, JJ.; LEARNED, P. J., taking no part.

Judgment affirmed, with costs.