THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Respondent, v. PATRICK ROACH et al., Appellants.

The provision of the charter of the city of Buffalo of 1870 (§ 22, chap. 519, Laws of 1870), declaring that goods and chattels upon lands for which taxes are assessed shall be deemed to belong to the person to whom the lands are assessed, does not apply to property belonging to another person in no way liable for the tax which is transiently upon lands assessed, but in the possession of the owner for his own purposes; and the collector cannot lawfully, by virtue of his warrant, take such property, for the purpose of satisfying the tax.

Where such property is so taken, an action by the owner to recover the possession thereof, may be maintained against the collector.

The property in such case cannot properly be said to be taken for a tax within the meaning of the provision of the Code of Procedure (§ 207), requiring an affidavit for the claim and delivery of property to show that the property has not been taken for a tax, or of the provision of the Revised Statutes (2 R. S., 522, § 4), which provides that "no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax," etc.

*It seems,* that where property belonging to A., upon lands assessed to B., has been properly levied upon by the collector, under said provision of the charter, it cannot be shown against him that B. did not own or occupy the lands; there being nothing upon the face of the papers to notify the collector of the alleged illegality, it is his duty to execute his warrant, and he will be protected in doing so.

(Submitted February 24, 1880 ; decided March 9, 1880.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, denying defendants' motion to set aside proceedings on the part of plaintiff for the claim and delivery of an engine and cars, to recover the possession of which this action was brought.

The facts are sufficiently stated in the opinion.

*P. A. Matteson,* for appellants.   When property has been taken in violation of the provisions of law, it is proper practice to make a motion to set aside the proceedings. *O'Reilly* v. *Good,* 42 Barb., 521; *Niagara Elevating Co.* v. *McNamara,* 1 Sheldon, 361.)   The warrant is a protection to the collector, and this action cannot be sustained. (*Niagara Elevating Co.* v. *McNamara,* 50 N. Y., 653; *The People* v. *Albany C. P.,* 7 Wend., 485; *Slocum* v. *Mayberry,* 2 Wheat., 1; *Taylor* v. *Caryl,* 20 How. [U. S.], 583; *Deming* v. *Janes,* 72 Ill., 78; *Freeman* v. *Howe,* 24 How. [U. S.], 450; Cooley on Taxation, 302; *The Troy and L. R. R. Co.* v. *Kane,* 72 N. Y., 614; *Chegaray* v. *Jenkins,* 5 id., 376; *Abbott* v. *Yost,* 2 Denio, 86.)   Although a warrant may have issued erroneously or irregularly, if on its face it gives authority to the officer to collect the fine, etc., replevin cannot be sustained.   (*O'Reilly* v. *Good,* 42 Barb., 521; *People ex rel. Enos* v. *Albany,* 7 Wend., 485; *Hudler* v. *Golden,* 36 N. Y., 446; *Clearwater* v. *Bull,* 63

id., 627.) The roll and warrant is the process. (*Bradley v. Ward*, 58 N. Y., 401; See Burroughs on Tax, 256, 261, 262; *Nolan* v. *Busby*, 28 Ind., 154.) An inferior public officer, acting within the scope of his warrant when apparently regular, is protected, unless the authority issuing it is without jurisdiction. (*Cunningham* v. *Mitchel*, 67 Penn., 78; *Moore* v. *Alleghany City*, 18 id., 55; *St. Louis Building Assn.* v. *Lighter*, 47 Mo., 393; *Pacific R. R. Co.* v. *Dulle*, 48 id., 282; *Sheldon* v. *Van Buskirk*, 2 N. Y., 473; Cooley on Taxation, 302; *The State* v. *Allen*, 2 McCord, 55, 60; *Stockwell* v. *Vietch*, 38 Barb.) The appropriate and only remedy, so far as defendants are concerned, is by an action to restrain them from selling or interfering with this property. (*Demings* v. *Janes*, 72 Ill., 78.)

*A. P. Laning*, for respondent. Replevin, or proceedings of claim and delivery, is the proper and only remedy which the plaintiff has in this action. (*Stockwell* v. *Vietch*, 15 Abb., 412; *Thompson* v. *Button*, 14 J. R., 84; *Judd* v. *Fox*, 9 Cow., 259.) The collector acquired no jurisdiction, his warrant being irregular in that it showed the tax was assessed to neither the owners nor occupants. (1 R. S., 389, §§ 1, 2; *Whitney* v. *Thomas*, 23 N. Y., 281; *Mygatt* v. *Washburn*, 15 id., 316; *Johnson* v. *Learn*, 30 Barb., 616; *Pratt* v. *Stewart*, 8 id., 493; *Van Rensselaer* v. *Cotterell*, 7 id., 127; *Dubois* v. *Webster*, 7 Hun., 371.) Plaintiff had acquired a property in the premises occupied by the railway track, that could not be taken for a tax assessed against the person over whose land the railway passes, or assessed against the lands adjoining, or over which such a right of way has been acquired. (*Troy R. R. Co.* v. *Potter*, 42 Vt., 265; *Rogers* v. *Bradshaw*, 20 J. R., 735; *The State* v. *Maine*, 27 Conn., 641; *Mt. Washington Road*, 35 N. H., 134.)

EARL, J. The plaintiff commenced an action to recover of the defendants the possession of a railroad engine and several railroad cars, and upon an affidavit and notice directed to him, the sheriff of Erie county took the property from

the possession of the defendants, and while it was in his possession they made a motion at a Special Term of the Supreme Court to set aside the proceedings pertaining to taking the property, which motion was denied. They then appealed to the General Term of the Supreme Court, and from the order of affirmance there to this court.

The defendant Roach was a tax collector of the city of Buffalo, and by virtue of a tax warrant issued to him, he was commanded to collect a certain tax imposed upon certain land in the city of Buffalo, which was assessed to Palmer & Co., and not being able to find any property of Palmer & Co. out of which to make the tax, or to procure payment of the tax otherwise, and finding this personal property upon the land taxed, he, with the aid of the other defendant, seized this property, by virtue of his warrant, for the purpose of satisfying the tax. The property, which consisted of an engine and freight cars, was at the time in the possession of the plaintiff, having been temporarily run upon the land, on a track used by plaintiff communicating with the Union Iron Works, for the purpose of procuring freight. Under such circumstances the collector claims that the plaintiff had no right in this action to direct the sheriff to take the property from him.

The plaintiff claims that Palmer & Co. did not own or occupy the land, and that the assessment and tax were, therefore, illegal and void. But it did not appear upon the assessment-roll, or in the warrant, that they did not own or occupy the land. The assessment, upon the warrant and papers delivered to the collector, was valid. There was nothing upon the face of the papers to notify the collector of the alleged illegality, and hence it was his duty to execute the warrant, and it is well settled that he would be protected in doing so : (*The Niagara Elevating Company* v. *McNamara*, 50 N. Y., 653; *The Troy and Lansingburgh R. R. Co.* v. *Kane*, 72 id., 614; *Chegaray* v. *Jenkins*, 5 id., 376.) And the property which he could take by virtue of such a warrant could not be taken from him in such an action as

this.    Section 207 of the Code of Procedure, which is still in force, provides that plaintiff's affidavit must show that the property has not been taken for " a tax, assessment or a fine," and the Revised Statutes (2 R. S., 522, § 4) provide that "no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine," and such is still the law :    (*Hudler* v. *Golden*, 36 N. Y., 446.

But the plaintiff claims that the collector had no right to seize its property for the payment of this tax ; and that really presents the only question for consideration here. If the collector had no right to seize this property under his warrant, the plaintiff can maintain this action.    If a tax collector illegally seizes the property of A. to satisfy the tax of B., A. can maintain an action of replevin for its recovery : (*Stockwell* v. *Vietch*, 15. Abb. Pr., 412;  *Thompson* v. *Button*, 14 J. R., 84;  *Judd* v. *Fox*, 9 Cow., 259.)    As the warrant in such case does not authorize or justify the seizure of the property, it cannot properly be said to be taken by virtue thereof.

This tax was imposed and warrant issued under the revised charter of the city of Buffalo, the act chapter 519 of the Laws of 1870.    Section thirteen of title five of that act provides that the comptroller shall issue the warrant commanding the collector to collect from the several persons, etc., the taxes set opposite their respective names ; and section nineteen provides that the collector shall demand the taxes, and that he shall make the amount thereof out of the goods and chattels of the persons, etc., opposite to whose names such taxes are set down ; and then section twenty-two provides as follows :  " Goods and chattels in the possession of the person opposite to whose name the taxes are set down, or upon the lands for which such taxes are assessed, shall be deemed to belong to such person ; and no claim of property made thereto by any other person shall be available to prevent a sale."    The object of this provision of law is to facilitate the collection of taxes, and to prevent fraud and collusion, by which their collection can be delayed or defeated

and the government thus embarrassed. Its main purpose is, not to authorize the property of one to be taken to pay. the tax of another, but to prevent disputes as to the ownership of property which the collector might seize. This is to be accomplished by the rule of evidence enacted that property found in the possession of the tax debtor or upon his land when the tax is thereon, must be deemed to belong to him. It is manifest that this language cannot be taken literally. If one should drive upon the land taxed with a horse and wagon, simply to make a call as a visitor, or as a physician, or as an officer in the discharge of his official duty, could the property be taken out of his possession to satisfy the tax ? If a thief had stolen the property, and taken it temporarily upon the land, could it be taken from his possession and sold for the tax ? If one is passing over the land of another on his own business, can he be stripped of all the property in his possession for a tax upon the land ? It cannot be doubted that the law-makers did not intend that this law should be applied in such cases ; and yet they are within the letter of the law. The law-makers cannot always foresee all the possible applications of the general language they use ; and it frequently becomes the duty of the. courts in construing statutes to limit their operation, so that they shall not produce absurd, unjust or inconvenient results not contemplated or intended. A case may be within the letter of the law, and yet not within the intent of the law-makers; and in such a case a limitation or exception must be implied.

Without attempting to define the precise reach of this law, I am of opinion it was not intended to apply to the case of property transiently upon the land taxed and in the possession of the owner for his own purposes ; and that the collector, in such case, cannot by virtue of his warrant lawfully take the property from the owner's possession for the purpose of satisfying a tax for which he is in no way liable.

The order should be affirmed, with costs.

All concur, except RAPALLO and ANDREWS, JJ., not sitting.

Order affirmed.