CHAUNCEY S. HUBBELL, Appellant, *v.* EMERSON H. ABBOTT, Respondent.

(County Court, Cattaragus County, November, 1897.)

**Taxation — Illegal levy — Property of tax debtor.**

The provisions of the statute (1 R. S., chap. 13, tit. 3, art. 1, § 2, m. p. 397), in substance, authorizing a tax collector to levy on chattels of a tax debtor "wheresoever the same may be found," within the district of the collector, and providing that "no claim of property to be made thereto by any other person, shall be available to prevent a sale," do not authorize a tax collector to levy, for a tax payable by a wife, upon a chair, belonging to the husband, in his house, and upon which she was sitting when the collector seized it, in the presence of the husband.

APPEAL by plaintiff from a justice's judgment entered upon a verdict of a jury.

Thomas H. Dowd, for appellant.

J. J. Spencer, for respondent.

KRUSE, J.    I was under the impression, upon the argument, that the judgment might be sustained upon the ground that the tax debtor, the plaintiff's wife, had such possession of the property levied upon by the defendant tax collector to subject it to the payment of the tax, but upon reflection and more mature consideration. I have reached a different conclusion and am of the opinion that the law compels me to reverse this judgment.

It appears, beyond question, that the property levied upon belonged to the plaintiff, and was at the time of the levy in the house owned by him and occupied as a place of residence for himself and his wife, the tax debtor. And assuming that at the time of the levy the wife was sitting in the chair as is claimed by the collector, yet this does not seem to have been such possession as is contemplated by the law permitting the property of one person to be subjected to payment of the tax debt of another. The section of the Revised Statutes, which it is claimed upon the part of the respondent is an authority for the collector in taking this property, reads as follows:

"In case any person shall refuse or neglect to pay the tax imposed on him, the collector shall levy the same by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods or chattels in his possession, wheresoever the same may be found, within the district of the collector; and no claim of property to be made thereto by any other person, shall be available to prevent a sale." 1 R. S. 397, § 2 (Banks' Bros., 9th ed.), vol. 2, pp. 1691, 1692.

The rule that property of another may be subject to the payment of a tax while in the possession of the tax debtor is not absolute.

It was held in the case of Lake Shore & M. S. R. R. Co. v. Roach, 80 N. Y. 339, where the cars of the plaintiff in that case were temporarily upon the lands of a tax debtor and seized for taxes, that the cars could not be levied upon for that purpose by the tax collector. And, so, in the recent case of Denton v. Carroll, 4 App. Div. 532, the proposition is broadly stated that such possession as a boarder in a house or hotel has of the furniture in the room occupied by him does not authorize a tax collector to seize it for a tax assessed against the boarder.

It is undoubtedly true that one may not permit his property to remain in the possession of another who is a tax debtor, allowing him to hold himself out as the ostensible owner of the property, and then dispute the apparent ownership as against a tax collector seeking to enforce the collection of a tax against such property. The purpose of the statute is not to permit a public officer to be subject to adverse claims of title by one claiming to be the owner while permitting another to have possession of the property and exercising acts of ownership over it. And without attempting to determine just the character of the possession which in every instance will subject the property of another to the payment of a tax while in the possession of the tax debtor, it would seem from a careful consideration of the authorities that a husband's furniture used in his family in a house owned by the husband and occupied by him and his wife, who is a tax debtor, seized in his presence by the tax collector for the payment of her tax, although at the moment of the levy and seizure in use by the wife, may not be so taken, and that such a levy and seizure is unlawful.

I have, accordingly, reached the conclusion that this judgment cannot be sustained. The judgment is reversed.

Judgment reversed.