MAURICE FLAVIN, Plaintiff, v. ALBERT F. PARTELLO, Defendant.

Supreme Court, Cortland County, June 5, 1928.

Taxation — collection of tax — Tax Law, § 71, permitting tax collector to levy upon personal property " belonging to or in the possession of any person who ought to pay the tax," means any person obligated by statute to pay — defendant tax collector seized and sold chattels for taxes levied against owners of real property on which chattels were found — chattels were never in possession of owners — fact that third party was in possession of farm. under contract whereby he agreed to pay tax, did not obligate third party to pay tax or suffer loss of property — collector is liable for conversion.

Section 71 of the Tax Law, which permits a tax collector, on the negligence or refusal of any person to pay any tax imposed upon him, to " levy upon any personal property in the county belonging to or in the possession of any person who ought to pay the tax," means any person who is obligated by the provisions of the Tax Law to pay the tax assessed against him, and not any one who by his own voluntary act makes himself liable therefor.

Accordingly, defendant, a town tax collector, is liable to plaintiff for the value of certain chattels, concededly belonging to plaintiff, which defendant seized and sold for the satisfaction of a claim for taxes levied and assessed against the owners of real property on which were found the chattels involved, where the proof shows that the property never was in the possession of those against whom the tax was assessed.

The fact that a third party was in possession of the farm, under a contract with the owners thereof whereby said third party agreed to pay the tax in question, did not obligate him to pay the taxes or suffer the loss of the chattels, in the absence of any claim that the chattels were ever in the possession of those against whom the tax was imposed.

A tax collector is personally liable to the party aggrieved for any damage resulting from an act which is not in conformity with the authority conferred upon him by the warrant.

ACTION in conversion.

*Frank Hopkins,* for the plaintiff.

*Charles H. Gardner,* for the defendant.

EDGCOMB, J. This action is brought to recover the value of a lumber wagon and wheel rake, concededly the property of the plaintiff, which it is alleged was unlawfully seized and sold by the defendant.

In 1927 the defendant was the tax collector of the town of Freetown, Cortland county, N. Y. On January fourth of that year the board of supervisors of Cortland county delivered to him the tax roll of his town for the year 1926, together with a warrant, dated December 27, 1926, which directed him to collect the taxes set forth in said roll. Among the taxes so ordered to be collected was one which had been levied and assessed against O. W. Parker and George Martin in the sum of thirty-two dollars and ninety-eight cents upon certain real property owned by them and situate in said town. Parker and Martin failed to pay said tax, and, after demand on Parker, defendant levied on said wagon and rake, which he found on the farm, and sold them at public auction for the satisfaction of the claim.

After the execution and delivery of said warrant to the defendant, and in the early part of January, 1927, one Caspar Laager moved on said farm, and took possession thereof under a contract which he had made with Parker and Martin for the purchase of said property. Title to said farm never passed to Laager; it was at all times in Parker and Martin. Laager brought with him to the farm the wagon and rake in question, which he held as bailee, and which he had been using the summer before on another farm which he occupied. The chattels in question were never in the possession of Parker or Martin.

Defendant insists that he was justified in seizing and selling these articles by virtue of the authorization given h'm in the tax warrant, upon the theory that the property was in the possesion of Laager, who had covenanted and agreed with Parker and Martin in the contract of sale to pay the tax in question, and as Laager was obligated by reason of said agreement to pay the tax, the wagon and rake were liable to levy and sale under the provisions of section 71 of the Tax Law (as amd. by Laws of 1917, chap. 356). The portion of the statute relied upon as justifying the act of the defendant reads as follows: " If any person shall neglect or refuse to pay any tax imposed on him, the collector shall levy upon any personal property in the county belonging to *or in the possession of any person who ought to pay the tax,* and cause the same to be sold at public auction for the payment of such tax and the fees and expenses of collection; and no claim of property to be made thereto by any other person shall be available to prevent such sale." (Italics are mine.)

The decision of this case depends upon the interpretation to be

given to the expression, " or in the possession of any person who ought to pay the tax," as used in the statute. Was it intended by that phrase to include any person who was bound to pay the tax, whether that duty was imposed upon him by statute, or whether it was voluntarily assumed by promise, contract or otherwise, or does the expression refer simply to one whom the statute makes the tax debtor?

The tax in question was assessed against Parker and Martin, the owners of the property, and not against Laager. The collector's warrant authorized and directed the defendant to collect from the several persons named in the tax roll the sums assessed against them. Defendant had no authorization to collect this tax from any one except Parker and Martin. They were primarily liable, and the ones who should have paid the tax. So far as the statute is concerned, they are the only ones liable therefor. While, as between the owners and Laager, the former could undoubtedly have held the latter to his agreement, the collector would have been powerless to enforce collection of the tax from Laager.

Ordinarily, only such property as is owned by the delinquent taxpayer can be subjected to the payment of taxes owing by him, and the property of someone else cannot be distrained to pay such obligation. That rule, however, has been modified by the statute above quoted, but only to the extent therein specified. The enforcement and collection of a tax is purely a statutory proceeding; it is peculiarly *in invitum;* it should be prosecuted with scrupulous regard to the provisions of the Tax Law. The statute furnishes a summary remedy, which many times becomes oppressive, and is in derogation of the common-law rule. It must, therefore, be strictly construed and not extended beyond its fair import. (*Stockwell* v. *Veitch,* 38 Barb. 650.)

One of the special objects sought to be obtained by the passage of this law was to prevent an owner, after giving another a badge of proprietorship of certain chattels by permitting him to take and retain the same, from asserting his claim to such property whenever the tax collector came around and sought to seize the chattels for the payment of a tax assessed against the apparent owner. (*Lake Shore & M. S. R. Co.* v. *Roach,* 80 N. Y. 339, 344.)

Giving the statute the strict construction required, and taking into consideration the purpose of its enactment, I am satisfied that the expression, "Any person who ought to pay the tax," as used in the section in question, means any one who is obligated by the provisions of the Tax Law to pay the tax assessed against him, and not one who, by his own voluntary act, makes himself liable therefor.

This interpretation is apparent from the wording of the section itself. The sentence before the one in dispute makes the owner of the real property, if he be a resident of the tax district, and if his name is correctly entered on the assessment roll, personally liable for the tax assessed against the property. The only persons mentioned in the section, until we reach the provision in question, are those taxed on the roll and owners of real property. The sentence involved commences with the words: " If any person shall neglect or refuse to pay any tax imposed on him," and then continues with the provision that, in such event, the collector shall levy upon the chattels " belonging to or in the possession of any person who ought to pay the tax." I am satisfied that the person referred to in each part of that sentence is one and the same individual, and that the Legislature, when it used the expression " any person who ought to pay the tax," intended to limit that phrase to the same individual referred to in the first part of the sentence. It was another way of saying, " any person against whom the tax was imposed."

In declaring the statute constitutional in *Hersee* v. *Porter* (100 N. Y. 403) the Court of Appeals based its holding upon the theory that every one has notice of the law, and that one, if he permits his property to remain in the keeping of another, is presumed to know that it is liable to be taken for some tax which has been assessed against the one having possession thereof, and that the owner, therefore, has had notice, and that the property, if it is seized, is not taken without due process of law. That would be so where the property is in the possession of one who, by statute, was bound to pay the tax. But it would not be true in a case where the chattels were in the possession of one obligated to pay the tax only by virtue of some promise made to some third party. Plaintiff was bound to know that his wagon and rake were liable to be seized for non-payment of a tax assessed against Parker and Martin if they had possession of the chattels, but he had no occasion to suspect that the property would be distrained if it was left in the hands of Laager, because his agreement to pay the tax was not a matter of public record, but a private arrangement with Parker and Martin.

There is no claim here that the chattels in question were ever in the possession of Parker and Martin. Such claim could not be upheld, even if it were made. (*Lake Shore & M. S. R. Co.* v. *Roach*, 80 N. Y. 339; *Denton* v. *Carroll*, 4 App. Div. 532; *Stockwell* v. *Veitch*, 38 Barb. 650; *Hubbell* v. *Abbott*, 21 Misc. 780.)

While the provision relative to the seizure of personal property which has been in force in substantially the form it is now in since 1801, has frequently been before the courts for interpretation, I

have failed to find any case which has attempted to define the words " any person who ought to pay the tax." While the facts in *Dubois* v. *Webster* (7 Hun, 371) are different from those in the case at bar, and while the phraseology used in the opinion must necessarily be construed in the light of the existing facts before the court, nevertheless, the language used is significant. The court, in passing upon the legality of the seizure and sale of personal property owned by the plaintiff but in the possession of one who was not assessed for the tax, quotes with approval the words of INGRAHAM, P. J., in *Stockwell* v. *Veitch* (38 Barb. 650): " The property levied on must be either the property of the person assessed, or the goods must be actually in the possession of such person."

I have, therefore, reached the conclusion, and I think not wrongly, that Laager is not a tax debtor within the meaning of section 71 of the Tax Law (as amd. by Laws of 1917, chap. 356), and that the defendant had no right or authority to seize and sell the property of the plaintiff for the payment of the tax assessed against Parker and Martin. A collector is personally liable to the party aggrieved for any damage resulting from an act which is not in conformity with the authority conferred upon him by the warrant. Defendant is liable to the plaintiff for the value of this wagon and rake, which has been stipulated to be $116.

Judgment is, therefore, ordered for the plaintiff in the sum of $116, together with costs.