C. C. THOMPSON LUMBER COMPANY, Respondent, vs. HYNES, Appellant.

*February 3 — February 21, 1893.*

*Taxation: Seizure of personal property: Replevin in justice's court.*

Sec. 3732, R. S. (providing that an action of replevin shall not be maintained before a justice of the peace for property "taken by virtue of any warrant for the collection of any tax, in pursuance of any statute of this state"), does not apply to a case in which the property seized belonged to a person not in privity either with the owner of the property seized or the person erroneously named as owner in the tax list.

APPEAL from the Circuit Court for *Ashland* County.

A tax assessed in 1890 by the city of Ashland against "C. C. Thompson & Co.," upon certain lumber, was duly returned unpaid to the county treasurer of Ashland county, who thereupon issued to the sheriff (the defendant, *Hynes*) his warrant for the collection thereof, pursuant to the statute. R. S. sec. 1126. When assessed for taxation, the lumber was the property of "Thompson Brothers Co.," an incorporated company. In attempted execution of such warrant, the sheriff levied upon and seized certain other lumber, which belonged to another corporation, known as the "C. C. Thompson Lumber Co." The latter company brought the action to recover the lumber thus seized by the sheriff. The circuit court directed a verdict for plaintiff, overruled a motion for a new trial, and gave judgment for plaintiff for the recovery of the lumber. Defendant appeals from the judgment.

For the appellant the cause was submitted on the brief of *R. Sleight.* To the point that a mistake in the name will not invalidate the assessment, and a person whose property is liable to assessment for taxes should not be permitted to evade payment of his just proportion of the pub-

lic burden by any errors, omissions, or irregularities that do not prejudice his rights, he cited *State v. Diamond Valley L. S. & L. Co.* 25 Pac. Rep. (Nev.), 448; *Petrie L. Co. v. Collins*, 66 Mich. 64; *Michigan Dairy Co. v. McKinlay*, 70 id. 574; *Blodgett v. Muskegon*, 60 id. 580; *Hill v. Graham*, 72 id. 659; Hastings, Tax. 69.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *E. F. Gleason*. They argued, among other things, that the plaintiff not being the agent of the Thompson Brothers Co. and not having possession, control or charge of the assessed property, replevin was a proper remedy. *Power v. Kindschi*, 58 Wis. 539; Cobbey, Replevin, sec. 340; *Lake Shore & M. S. R. Co. v. Roach*, 80 N. Y. 339; *Stockwell v. Vietch*, 15 Abb. Pr. 412; *Thompson v. Button*, 14 Johns. 84; *Clark v. Skinner*, 20 id. 465; *Judd v. Fox*, 9 Cow. 259.

LYON, C. J. Although in 1890 C. C. Thompson was a stockholder in, and the manager of the business of, the Thompson Brothers Co. and the *C. C. Thompson Lumber Co.* in this state (they being Illinois corporations, having their principal offices in Chicago), yet they were separate and distinct corporations, neither having any interest in, control over, or possession of, the property of the other. The tax in question was assessed by a wrong name upon the property of the Thompson Bros. Co. and the property of the *C. C. Thompson Lumber Co.* was seized by the sheriff to enforce payment of such tax. Of course the seizure was without authority of law,— as much so as it would have been had the lumber seized belonged to some individual not connected with either corporation, and who had no interest in, or control of, the lumber upon which the tax was assessed.

The action was commenced before a justice of the peace. It is claimed by defendant that it cannot be maintained,

because of the provisions of sec. 3732, R. S., which are to
the effect that an action of replevin shall not be maintained
before a justice of the peace for property "taken by virtue
of any warrant for the collection of any tax, in pursuance
of any statute of this state." The statute does not reach
the case. Its operation is confined to cases in which the
property seized is that of the person, or one in privity with
the person, against whom the tax was assessed. *Power v.
Kindschi*, 58 Wis. 539. In the present case the tax was
not assessed against the plaintiff, and the plaintiff is not in
privity with the owner of the property assessed, or the firm
or company named as owner in the tax list. On the undis-
puted evidence the direction of a verdict for plaintiff was
right, and the judgment of the circuit court for the recov-
ery of the lumber by plaintiff should not be disturbed.

*By the Court.*— Judgment affirmed.

