G. A. CRANCER COMPANY, APPELLANT, V. PARIS G. COOPER, APPELLEE.

FILED APRIL 3, 1915.   No. 18060.

1. **Sales: CONTRACT: DESCRIPTION OF PROPERTY.** In a contract of conditional sale duly filed of record, a description which will enable a third person, aided by inquiries suggested by the instrument itself, to identify the property is sufficient.

2. ——: ——: **FILING: NOTICE.** The public filing of a contract of conditional sale, in the county wherein the purchaser resides, protects the seller, though the former removes the property to another county.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*E. M. Slattery, Stewart, Williams & Brown* and *Field, Ricketts & Ricketts,* for appellant.

*Fisher & Rooney* and *Earl McDowell, contra.*

ROSE, J.

The action is replevin, and the property in controversy is a piano which had been conditionally sold by plaintiff to Herman Springer under a contract retaining title in the seller until all instalments of the purchase price were paid. A renewal contract containing the same condition and disclosing an unpaid balance of $373.89 was filed February 22, 1910, with the county clerk of Cheyenne county, where the purchaser resided. Thereafter Springer moved to Dawes county, took the piano with him without plaintiff's knowledge or consent, and there sold it to defendant, who claims to be a purchaser for full value without notice of plaintiff's rights. At the close of the testimony the trial court directed a verdict for defendant. Plaintiff has appealed.

The property is a "Henry F. Miller Grand Piano. Style, Lyric. No. 36,571." In the renewal contract filed in Cheyenne county the number was given as "39,371," or

as "39,571." It is argued by defendant that the description containing the erroneous number was insufficient to charge him with notice of plaintiff's title. The rule is: "A description * * * which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property is sufficiently definite." *Farmers & Merchants State Bank v. Sutherlin,* 93 Neb. 707. Though the description is erroneous in part, it suggests inquiries which might have enabled defendant to identify the piano in Springer's possession as the one to which plaintiff had retained title. In that event defendant had constructive notice of plaintiff's rights. *Lamar v. Coleman, Ray & Co.,* 88 Ga. 417; *Harris v. Kennedy,* 48 Wis. 500; *Yant v. Harvey,* 55 Ia. 421. The question was one for the jury. *Iowa Savings Bank v. Dunning & Harston,* 37 Neb. 322; *Livingston & Schaller v. Stevens,* 122 Ia. 62.

The filing of the renewal contract in Cheyenne county was constructive notice of plaintiff's title in Dawes county after Springer moved the piano thereto. *Grand Island Banking Co. v. Frey,* 25 Neb. 66; *Cool v. Roche, Hall & Ray,* 20 Neb. 550.

For these reasons, there was error in directing a verdict in favor of defendant.

REVERSED AND REMANDED.

LETTON, FAWCETT and HAMER, JJ., not sitting.