G. A. CRANCER COMPANY, APPELLANT, V. PARIS G. COOPER, APPELLEE.

FILED NOVEMBER 17, 1916. No. 19643.

Sales: DESCRIPTION OF PROPERTY: SUFFICIENCY: QUESTION FOR COURT OR JURY. Whether the description in a contract of conditional sale, together with the other inquiries which the contract itself suggests, is sufficient to enable third persons to identify the property is ordinarily a question of fact for the jury; but, where only one conclusion can reasonably be drawn from the evidence, it is a a question for the court.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed, with directions.*

*Field, Ricketts & Ricketts,* for appellant.

*Earl McDowell* and *Fisher & Rooney, contra.*

BARNES, J.

When this case was before us the first time, the judgment appealed from was reversed and the cause was remanded. *Crancer Co. v. Cooper,* 98 Neb. 153. The syllabus is as follows:

"1. In a contract of conditional sale duly filed of record, a description which will enable a third person, aided by inquiries suggested by the instrument itself, to identify the property is sufficient.

"2. The public filing of a contract of conditional sale, in the county wherein the purchaser resides, protects the

seller, though the former removes the property to another county."

When the case came on again for trial, by stipulation of the parties, it was submitted to the court without a jury on the same record and the same evidence adduced on the first trial. The court found for the defendant and rendered his judgment accordingly, and the plaintiff has prosecuted a second appeal.

It is now contended that the court below erred in his finding and judgment because all of the questions involved in the controversy were conclusively settled by our former opinion, which has become the law of the case. By referring to our opinion, we find that we said, after passing on the sufficiency of the record to establish constructive notice of the plaintiff's ownership of the piano which was replevied that this was a question for the jury. The statement that the question was one for the jury was perhaps misleading as applied to the facts of this case. The correct rule which it was intended to invoke is stated in *Iowa Savings Bank v. Dunning & Hartson*, 37 Neb. 322, cited in the former opinion: "Whether the description of property in a chattel mortgage and the other inquiries which the mortgage itself suggests are sufficient to enable third persons to identify the mortgaged property is a question of fact for the jury." But, like all issues of fact, where but one conclusion can reasonably be drawn from the evidence, the question is one for the court.

In the case at bar, the evidence showed conclusively that the piano replevied was the one sold by plaintiff to the Springers; that plaintiff never sold them any other piano; and, with the single exception of the factory number of the instrument, it was correctly described in the conditional sale note given for a renewal of the original one, which contained the correct number. Both notes were filed and recorded in the records of Cheyenne county, where the Springers were living at that time. It follows that, this court having held that the record in the former appeal was sufficient constructive notice of the plaintiff's

rights, there was but one thing for the trial court to do, which was to find for the plaintiff, and render his judgment accordingly. For this reason, the judgment of the district court is reversed, with directions to render judgment for the plaintiff.

REVERSED.