## MASSEY-HARRIS CO., Respondent, v. LERUM, Sheriff, et al, Appellants.

### (242 N. W. 597.)

(File No. 7338.   Opinion filed May 21, 1932.)

*J. W. Jackson,* of Kennebec, for Appellants.
*Frank C. Wederath,* of Presho, for Respondent.

WARREN, J.   This is an appeal by the defendants from a judgment of the trial court in favor of the plaintiff, adjudging it

as the owner of certain personal property and enjoining the defendants from further interfering with plaintiff's right to said property and that the levy for the taxes be released.

The pleadings contain the major portion of the facts. Additional facts are found in the settled record by virtue of certain stipulations entered into by the parties upon the trial of the issues therein.

A distress warrant for the collection of certain personal property tax of Baker for the year 1930 was issued by the treasurer of Lyman county, S. D., and delivered to the sheriff of said county. The sheriff by virtue of such distress warrant levied upon one Massey-Harris reaper-thresher, then in the possession and under the control of said Baker and which had been listed by said Baker as his personal property at the time such assessment was made in May, 1930.

The plaintiff, thereafter, commenced its action in circuit court in said county and enjoined the sale of said reaper-thresher until the matter could be decided upon its merits.

The plaintiff claims to be the owner of the property by reason of a conditional sales contract covering the property involved in this action and that the lien of all the personal property tax of the purchaser Baker was not a lien on this particular piece of property, but that said personalty was liable only for its own tax. The defendant contends that the specific property concerned in this action was subject to levy and sale under a distress warrant for any or all of the purchaser's personal property tax, and that the said Baker was required to list this property as it was in his possession and under his control as owner by virtue of section 6685, S. D. Rev. Code 1919, which provides: *"Personal Property Assessment.* Every person required by this article to list property shall make and deliver to the assessor, when required, a statement verified by oath of all the personal property in his possession or under his control, and which by the provisions of this article he is required to list for taxation, either as owner or holder thereof. * * * "* This particular property having been listed by and assessed to Baker and properly entered upon the various tax records became amenable and subject to the provisions of section 6759, S. D. Rev. Code 1919, which provides: "Taxes on Personal Property, First

Lien from January First. All taxes assessed upon personal property within this state shall be a first lien on all personal property of the person against whom personal taxes are assessed, from and after January first in each year."

It is undisputed that the property levied upon was subject to a certain conditional sales contract entered into by the plaintiff corporation and Baker in which the title to the property was to remain in the plaintiff until all of the purchase price had been paid; that the conditional sales contract was duly entered of record in the office of the register of deeds of Lyman county, S. D. The possession of the property remained with John W. Baker until the levy by the distress warrant was placed in the hands of the sheriff, that said property had not been taken from his possession by foreclosure of the conditional sales contract, and that no action for the possession of said property was ever brought by the plaintiff against Baker.

This reaper-thresher together with other items of personal property was in the possession of John W. Baker at the time the assessment was made. The property in dispute was valued at $680. The total valuation of Baker's personal property was assessed and equalized at a total valuation of $2,115 (this reaper-thresher was included in the total valuation). The sheriff by virtue of his distress warrant levied upon the reaper-thresher for the entire amount of the personal property tax due from said Baker. The court entered its findings finding the amount of tax due upon the reaper-thresher in the sum of $12.76 for 1930, and found that the reaper-thresher could not be held liable for the balance of the personal property taxes owed by the said Baker to the appellants.

The appellants' rights to enforce their tax against the property found in the possession of respondent must be determined by our statutes heretofore referred to. The general rule subjecting property purchased under conditional sales contracts seems to be that the buyer's interest, when he is in possession, has been recognized as a proper subject of taxation and property may be legally assessed to a person in possession or control thereof and who claims an interest therein. Accordingly, personal property in the possession and control of a purchaser under a conditional sales contract and who has been invested with all the indicia of owner-

ship is properly assessed to the purchaser. 24 California Jurisprudence, p. 186, § 171; 37 Cyc. 788; Cooley on Taxation, vol. 3 (4th Ed.) p. 2218, § 1097.

Our statutes pertaining to listing for taxation of personal property does not take into account qualified or conditional estates of personal property and seems to have no reference to legal and equitable or general and specific owners. The Legislature has not seen fit to require the assessor to ascertain and list separately the interest of the purchaser and the seller of the parties to a conditional sales contract. In other words, if the purchase price of the combine in question had been $2,000 and that the purchaser had paid $1,400 to the seller leaving only the sum of $600 due from the purchaser to the seller, there is no way under the present laws of this state which would permit the assessor to list a portion of this property to the seller and the other to the purchaser. The Supreme Court of Alabama passing upon a similar question in State v. White Furniture Company, 206 Ala. 575, 90 So. 896, said:

"So, when a statute requires that property be assessed to the owner, we think it means the general and beneficial owner—that is, the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate absolute ownership—and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such.

"It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be taxed as the owner. Bowls v. Oklahoma City, 24 Okl. 579, 104 P. 902, 24 L. R. A. (N. S.) 1299, and note collecting many authorities. The case of Tracy v. Reed (C. C.) 38 F. 69, 2 L. R. A. 773, cited to the contrary in 26 R. C. L. 358, § 315, is opposed to the overwhelming weight of authority. * * *

"Nevertheless, the retention of title by a vendor of personalty does not make him the absolute owner of the property. Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280. It is, at most, a form of security for the payment of the purchase money. Tanner v. Hall, 89 Ala. 628, 7 So. 187. And in Steele v. State, 159 Ala. 9, 13, 48 So. 673, 674, we said: 'The contract committed the property to the defendant (the vendee) for himself, and not for the vendors.

He had the rights of user and enjoyment which are essential characteristics entering into the legal notion of property. The contract did not contemplate a redelivery of the property to the vendors so long as its terms were observed, and its character was fixed upon its execution and delivery. If honestly entered into by the defendant it did not reserve to the vendors a property right which is protected by the statutes against larceny; nor did it confer possession on the defendant as clerk, agent, servant, or apprentice of vendors, so as to render him amenable to the statute against embezzlement.' "

This court, in determining the meaning of the word "owner" in a conditional sales contract, placed a construction upon the interest the parties were entitled to under such contract arrangement in defining ownership in the case of State v. One Pontiac Coach Automobile, 55 S. D. 8, 224 N. W. 176, 178, and used the following language:

"We think the word 'owner' in chapter 204, Laws 1925, must be held to have been used by the Legislature in its popular and generally accepted sense. See Sutherland on Statutory Construction, pp. 247-248; Maxwell on Interpretation of Statutes, p. 88. And we do not think a conditional vendor is an owner in any sense in which the word is generally used.

"Sections 252, 265, and 266, Rev. Code 1919, relating to ownership, provide, respectively as follows:

" '§ 252. Definition of Ownership. The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code the thing of which there may be ownership is called property.'

" '§ 265. Absolute Ownership. The ownership of property is absolute when a single person has the absolute dominion over it, and may use it or dispose of it according to his pleasure subject only to general laws.'

" '§ 266. Qualified Ownership. The ownership of property is qualified:

" '1. When it is shared with one or more persons;
" '2. When the time of enjoyment is deferred or limited; or,
" '3. When the use is restricted.'

"Under the express definition of our Motor Vehicle Law (section 1, c. 225, Laws 1925) a conditional vendee is an owner. See, also, Hurnanen v. Nicksa, 228 Mass. 346, 117 N. E. 325.

"The conditional vendee is the equitable owner, and certainly under our statute has at least a qualified ownership. The automobile is in the possession of the vendee and under his control and dominion subject only to a few restrictions. True, the legal title remains in the conditional vendor, but it is a naked title for security only."

In construing the language used in sections 6685 and 6759 for the purpose of ascertaining the meaning and extent of the lien, we find the first section requiring that property shall be listed by every person having property in his possession or under his control, and the last section providing that all taxes assessed upon personal property shall be a first lien on all personal property of the person against whom personal taxes are assessed, means a lien upon all of the personal property. In an early decision by the Supreme Court of Illinois construing similar statutes in the case of Hill et al. v. Figley, 23 Ill. 418, 420, the court said: "A lien upon what? Upon the personal property of persons owing taxes. Not upon the property assessed for taxation, but upon his personal property. The language is manifestly broad enough to embrace, and we think does embrace, all of the personal property which he owned at that time. * * * The object the legislature had in view was to secure the collection of the revenue, and if the construction were given that the lien only extended to the specific articles assessed, the object would not be obtained."

The North Dakota Supreme Court, in the case of Minneapolis & Northern Elevator Company v. Traill County, 9 N. D. 213, 82 N. W. 727, 731, 50 L. R. A. 266, quoted with approval from a New York appellate court as follows: "For the purpose of collecting the tax, the actual ownership, in contemplation of the statute, follows the actual possession. The possession under the statute is not merely a badge of ownership; it is title, so as to subject the property to seizure and sale for a tax against the possessor."

There is nothing in the record before us to show the extent of Baker's ownership in the reaper-thresher, yet it was upon his premises, in his possession, and he listed it with the assessor,

thereby claiming to be the owner of the property. The Supreme Court of Washington, in Sloan Shipyards Corporation v. Thurston County et al, III Wash. 361, 190 P. 1015, 1017, considering the taxes as a lawful charge on property, said: "The rule in regard to the ownership of property for the purpose of taxation is stated in 37 Cyc., at page 788, as follows: 'Ordinarily, and in the absence of statute to the contrary, property is taxable only to the person who is the owner thereof at the date for its listing or assessment, or the date fixed by statute as of which its ownership for purposes of taxation is to be determined; and taxes are not a lawful charge on property unless assessed in the name of its owner, and any attempt to enforce the payment of taxes assessed and charged to the wrong person will be ineffective. This does not mean that the person assessed must have a perfect and unincumbered title to the property, but only that he should be vested with the apparent legal title, or with the possession coupled with such claims and evidences of ownership as will justify the assumption that he is the owner; and assessors are not required to go behind the records and search out unrecorded transfers or anticipate the judicial settlement of a title which is in litigation.'

"See, also, 26 R. C. L. § 315.

"We think this must necessarily be the correct rule. It follows, therefore, that since the appellant was in possession of this property, claiming to be the owner, and being the actual owner as to everybody except the Emergency Fleet Corporation, and representing to the assessor that it was the owner, and having the apparent legal title, coupled with possession, is sufficient evidence of ownership in the appellant."

Upon taxes being a lien upon all personal property, see 37 Cyc. 1141, and Cooley on Taxation, vol. 3 (4th Ed.) § 1236, p. 2460.

The authorities that we have referred to have led us to the conclusion that Baker was in the lawful possession and had certain ownership in the reaper-thresher which created such an interest in the property that it was taxable to him just as much and with the same force and effect as though he held the legal title and for the purpose of securing the vendor had executed a chattel mortgage for the payment of the purchase price, and that our former decision of Minneapolis Threshing Machine Company v.

Roberts County, 34 S. D. 498, 149 N. W. 163, L. R. A. 1915D, 886, expresses fully the law applicable between the taxing authorities and the owners of the property. In that decision, the court dealt at length as to the priority of liens for taxes and whether or not it was a lien upon the specific property or upon all personal property owned by the tax debtor. In that case, at page 503, of 34 S. D., 149 N. W. 163, 165, this court said: "Our statute leaves nothing to inference, but, in terms, makes the tax lien superior to all others, and it is our conclusion that the lien for personal taxes is superior to appellant's mortgage lien, not only on the particular property upon which the tax was levied, but upon other personal property owned by the person against whom the tax was levied."

Being satisfied that the cases we have cited clearly state the law applicable to the case at bar, those cases are followed, and we adhere to the rule of law announced in Minneapolis Threshing Machine Company v. Roberts County, supra.

The order and judgment appealed from will be reversed; the property levied upon under the distress warrant will be subjected to the payment of all the personal property taxes of John W. Baker for the sum disclosed by the record before us, being the unpaid taxes for the year 1930, and the order and injunction enjoining the defendants from further interfering with plaintiff's right to said property is hereby vacated and set aside, and that the collection and enforcement of said personal property tax is hereby remanded to the circuit court for further proceedings according to law.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.