## STATE v. J. I. CASE COMPANY.[1]

May 26, 1933.

No. 29,347.

*Hosp, Gibson & Vesely,* for appellant.
*Charles A. Swenson,* County Attorney, for the state.

*DIBELL, Justice.*

Proceedings in Kandiyohi county for the collection of personal property taxes assessed against the defendant. The defendant answered the citation. The state demurred to the answer. The demurrer was sustained, and the defendant appeals.

The defendant is a corporation having its principal place of business in Minneapolis. It deals in farm machinery and implements. The Tolen Implement Company does business in the village of Raymond in Kandiyohi county. During 1930 it was the authorized dealer of defendant for the sale and distribution of its farming implements and machinery under a contract the important part of which is as follows:

"Goods purchased by dealer during the term of this contract shall be resold by dealer only in the ordinary course of trade at retail,

[1]Reported in 248 N. W. 726.

and the title to and ownership of all such goods until sold in the manner aforesaid, together with the proceeds of goods sold, whether in cash, notes, book accounts or otherwise, shall be and remain in the J. I. Case Company, subject to its order until full payment in cash shall be made to it for said goods, and dealer expressly authorizes and empowers J. I. Case Company at any time to possess itself of the proceeds of any goods resold, and to hold the same to the order of J. I. Case Company and, upon its request, dealer agrees to execute all necessary endorsements and assignments fully to vest J. I. Case Company with all of such proceeds as collateral security for the payment of the purchase price by dealer in the event that such goods have not been paid for prior to the resale by him. Upon the payment by dealer of the purchase price of any goods purchased under this contract, J. I. Case Company agrees to re-transfer and revest dealer with title to the proceeds of the sale of such goods."

The contract was filed in the office of the register of deeds of Kandiyohi county. See 2 Mason Minn. St. 1927, §, 8360. The question is whether the property covered by the contract was taxable to the defendant in Kandiyohi county on May 1, 1930. The first day of May is the assessing day, and the property assessed to the defendant was then in the possession of the Tolen Implement Company at Raymond. It remained in its possession until sold on June 12 following.

The contract is within the class commonly designated conditional sale contracts. It may be in some respects peculiar. It contemplated that the vendee would resell and that the defendant would have the security which might come on resale.

It is the general rule that property in the possession of the vendee under a contract similar to that before us is taxable against the vendee in possession, and the authorities now cited are of value on the issue before us. Singer S. M. Co. v. Cooper (D. C.) 263 F. 994; Stieff v. Tait (D. C.) 26 F. (2d) 489; Massey-Harris Co. v. Lerum, — S. D. —, 242 N. W. 597; Bowls v. Oklahoma City, 24 Okl. 579, 104 P. 902, 24 L.R.A.(N.S.) 1299; State v. White F. Co. 206 Ala. 575, 90 So. 896.

The defendant was not doing an implement or machinery business in Raymond. It did not have property there for sale. Its arrangement with the Tolen company did not make a bailment. The defendant did not consign the property to the Tolen company. State v. Franklin S. R. Co. 79 Minn. 127, 81 N. W. 752; McCormick v. Fitch, 14 Minn. 185 (252). The defendant did not store its property in Raymond. State v. William Deering & Co. 56 Minn. 24, 57 N. W. 313; State v. N. W. Elev. Co. 101 Minn. 192, 112 N. W. 68, 1142. The Tolen company, not the Case company, was the merchant at Raymond. 1 Mason Minn. St. 1927, § 2000.

It is said that "taxation is an intensely practical matter and laws in respect of it should be construed and applied with a view of avoiding, so far as possible, unjust and oppressive consequences." Farmers L. & T. Co. v. Minnesota, 280 U. S. 204, 212, 50 S. Ct. 98, 100, 74 L. ed. 371, 65 A. L. R. 1000. If one in the position of the defendant could be taxed in all of the taxing districts over the state for the property sold to its various dealers and held in their possession on the taxing day, a markedly inconvenient and unjust situation would arise. Whether the defendant could be taxed at Minneapolis for its interest, by way of money and credits or otherwise, is not involved. The defendant says in its brief that the contract provides that the Tolen company pay the taxes. We do not find this provision. If there is such it is unimportant here.

Order reversed.