SECURITIES INVESTMENT CORPORATION, APPELLANT, v. M. A. KREJCI, APPELLEE.

FILED APRIL 19, 1935. No. 29211.

*Francis P. Matthews* and *William P. Kelley,* for appellant.

*Dwyer & Dwyer, contra.*

Heard before GOSS, C. J.; ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

The action is replevin for a second-hand automobile truck under a claim of special ownership by virtue of a chattel mortgage.

M. A. Krejci, defendant, bought the truck from the Motor Exchange & Refinance Company of Omaha November 25, 1932, and to secure a portion of the purchase price executed later the same day a note and a chattel mortgage on the truck for $319.60, payable to the seller in eight monthly instalments of $39.95 each, beginning December 26, 1932. The note and mortgage were assigned to Securities Investment Corporation, plaintiff, November 30, 1932. The instalment of $39.95 due January 26, 1932, and subsequent instalments were never paid. Plaintiff pleaded right of immediate possession by reason of the default and seized the truck under the writ of replevin.

The answer to the petition contained a general denial, and also a cross-petition alleging in substance that defendant negotiated with the Motor Exchange & Refinance Company for the truck for the purpose of operating it in a freight line between Omaha and Des Moines and extending to other places, under the representation that the truck was ready for such work and fit to go on the road; that defendant made an initial payment of $300; that the truck was in a bad state of repair and defendant was unable to operate it in her freight line; that she had patrons from whom she was realizing a weekly net profit of $125 to $150; that, by reason of false representations and breach of warranty on the part of plaintiff's assignor and unfitness of the truck for freight services, she lost her patrons and the business of other shippers and was damaged in the sum of $1,000 in addition to the 300-dollar payment, or $1,300 in all.

To the cross-petition of defendant there was a reply

containing a general denial and a plea that the Motor Exchange & Refinance Company which sold the truck to defendant and assigned the note and chattel mortgage to plaintiff did not make any false, fraudulent or misleading representations in connection with the sale of the truck.

Upon a trial the jury by their verdict found that defendant was entitled to possession of the truck, when the action was commenced, and to $700 for illegal detention thereof. From a judgment in favor of defendant plaintiff appealed.

In different forms, assignments of error challenge the sufficiency of the evidence to sustain the verdict and judgment. Under the writ of replevin plaintiff procured and afterward retained possession of the truck. Defendant herself adduced evidence tending to prove that the truck, after repeated trials and repairs, could not be used by her for the transportation of freight in her line of business. Plaintiff's detention of the useless truck, therefore, did not damage defendant in the sum of $700 as specifically found by the jury and adjudged by the district court. Defendant argues nevertheless that the evidence shows she lost profits of more than $700 as a result of the false representations inducing the purchase and of the breach of warranty. This position is untenable for the following reasons: The Motor Exchange & Refinance Company that sold the truck to defendant and assigned the note and chattel mortgage to the Securities Investment Corporation, plaintiff, is not a party to the action. The evidence fails to prove that the two companies were the same entity under different names or that plaintiff assumed the obligations of its assignor or became liable to defendant for the former's false representations and breach of warranty. While plaintiff, the assignee, admitted at the trial that it was not a purchaser or holder of the note in due course of business, the admission did not create a liability of plaintiff to defendant for breach of warranty or for torts of assignor; the latter being the seller of the truck, but not a party to the action. The evidence fails to prove

that any litigant was liable to defendant for a breach of warranty or for false representations. There is therefore no foundation in the evidence for the judgment in favor of defendant and against plaintiff for damages in the sum of $700 or more than nominal damages. Moreover, the judgment shows on its face that it does not conform to law. The district court adjudged:

"That the defendant be and is awarded the possession of truck in question and that she have and recover of the plaintiff the sum of $700 as damages for the illegal detention of said truck."

Where property has been taken under a writ of replevin and delivered to plaintiff and the verdict is in favor of defendant, the judgment must be in the alternative for the return of the property or for its value, or for the value of defendant's possession, if it cannot be returned. The law has been stated as follows:

"The statute is imperative, that where the property has been delivered to the plaintiff in replevin, in case a verdict is returned for the defendant, the judgment must be for the return of the property, or its value in case it cannot be returned, or the value of the defendant's possession." *Manker v. Sine,* 35 Neb. 746. See Comp. St. 1929, sec. 20-10,104. See, also, *Field v. Lumbard,* 53 Neb. 397.

Finding the record in the anomalous condition outlined, the judgment is reversed for the reasons stated and the cause remanded for further proceedings.

REVERSED.