LANDIS MACHINE COMPANY, APPELLANT, V. OMAHA MERCHANTS TRANSFER COMPANY ET AL., APPELLEES.

6 N. W. (2d) 380

FILED NOVEMBER 27, 1942. No. 31426.

*W. A. Ehlers*, for appellant.

*James T. English* and *Oscar T. Doerr*, contra.

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-MORE and YEAGER, JJ.

MESSMORE, J.

The plaintiff instituted an action in replevin in municipal court to recover certain merchandise, as owner thereof under a conditional sales contract, from the sheriff of Douglas county who had levied on such property under a distress warrant for personal taxes assessed to the vendee, in possession of the property. The municipal court found for the plaintiff. The defendant county appealed to the district

court which dismissed plaintiff's petition at its costs. Plaintiff appeals.

On October 3, 1936, the plaintiff's agent procured an order from Joseph Constantino, of Omaha, for the purchase of certain shoe-repair machinery and equipment. October 12, 1936, a conditional sales contract was entered into by the parties. Among its provisions is the following: "Said machinery shall at all times remain the sole and exclusive property of the Landis Machine Company; said second party shall have the right to use said machinery upon the conditions hereinafter named. Said machinery shall not be moved from the place where now situated, nor be transferred, assigned, or sublet to any other person or corporation," etc. Another provision is: "Said second party (Joseph Constantino) further agrees to pay any and all taxes that may be assessed against said machinery during the life of this contract;" and states, in the event of default, the manner in which the plaintiff may repossess the machinery.

An interpretation of the contract discloses the retention of the bare legal title in the name of the plaintiff, with the beneficial use of the property to Joseph Constantino, the purchaser, and the right of ownership to be in him upon his compliance with the conditions of the agreement, which called for instalment payments, some of which had been made, and the property, pursuant to the terms of the contract, had been delivered to him.

The distress warrant, dated August 3, 1939, No. 20308, is, in part, as follows: "Whereas, taxes have been duly levied and assessed in said county on the personal property of Joseph Constantino, 2735 Browne * * * taxable according to the law of the state of Nebraska in and for said county for the years herein set forth, in the sum of Two hundred twenty-two and 53/100 Dollars.

"You are therefore commanded to collect the same, together with penalty and costs allowed by law, by distress and sale of goods and chattels of the said party and pay the same to me, Treasurer of said county.

"You are further commanded to return this writ to the

undersigned treasurer within 60 days from this date, showing the manner in which you executed the same." A statement is attached thereto.

The contention is made by the plaintiff that the distress warrant included certain taxes levied against Josephine Constantino, the mother of Joseph Constantino, and the Boston Machine Company. The record fails to sustain this contention. It is probably based on the finding of the court in ruling on the motion for a new trial, wherein the court said: "While there is some contention made that these taxes were levied against a corporation in Boston, and also against Constantino's mother, yet it is admitted that part of the taxes were levied against Constantino." And in the testimony of A. W. Elsasser, deputy sheriff, answering a question, he said: "Then he made a levy and I think Mr. Ehlers said he wanted to test this question." What question Mr. Ehlers wanted to test does not appear in the record, so, obviously, without testimony in the record to sustain the court's finding, and with nothing appearing in the distress warrant to show that the taxes assessed were other than those to Joseph Constantino, we cannot speculate on the plaintiff's contention in such respect.

Constantino advised the plaintiff that he was quitting the business, and the plaintiff made arrangements with the Omaha Merchants Transfer Company to pick up the machinery. In the process of getting the machinery out of the basement and onto the sidewalk, the property was levied upon by a deputy sheriff under the distress warrant. As developed by the testimony of Elsasser, Ehlers wanted to test this question, so it was agreed to let the property be taken to the warehouse of the transfer company, to remain there until something could be done about it; hence, the replevin action.

Is the machinery in question, legal title to which was reserved in the plaintiff, subject to the right of Joseph Constantino to use it as long as the terms of the agreement were kept by him, considered under our taxing statute as owned by the plaintiff or Joseph Constantino?

Section 77-205, Comp. St. 1929, provides: "When property is assessed to any person as agent for another, or in a representative capacity, such person shall have a lien upon such property, or any property of his principal in his possession, for the taxes thereon, until he is indemnified against the payment thereof; or, if he has paid the taxes until he is reimbursed therefor."

Section 77-1959, Comp. St. Supp. 1941, provides in part: "Taxes assessed upon personal property shall be a first lien upon the personal property of the person to whom assessed from and after the first day of November next following the date upon which the same are levied and until paid."

In the case of *Massey-Harris Co. v. Lerum,* 60 S. Dak. 12, 242 N. W. 597, one Baker, a conditional purchaser of a reaper-thresher, owed personal property taxes for the year 1930. A distress warrant for the collection of certain personal property tax of Baker was issued by the county treasurer and delivered to the sheriff. The sheriff levied upon one Massey-Harris reaper-thresher, then in possession and under the control of Baker, which had been listed by Baker as his personal property. The plaintiff, vendor, commenced an action to enjoin the sale of the reaper-thresher until the matter could be decided upon its merits, claiming to be the owner of the property by reason of a conditional sales contract covering the property involved, and that the lien of all of the personal property tax of the purchaser Baker was not a lien on this particular property, but that said personalty was liable for only its own tax. The sheriff contended that the specific property concerned in the action was subject to levy and sale under a distress warrant for any and all of the purchaser's personal property tax. It was undisputed that the property levied upon was subject to a certain conditional sales contract entered into by the Massey-Harris Company and Baker, in which the title to the property was to remain in the company until all of the purchase price had been paid, and that the contract was duly entered of record in the office of the register of deeds. The property remained in the possession of Baker until the levy by the dis-

tress warrant was placed in the hands of the sheriff, who, by virtue of the distress warrant, levied upon the reaper-thresher for the entire amount of the personal property tax due from Baker. It was said in the opinion:

"The general rule subjecting property purchased under conditional sales contracts seems to be that the buyer's interest, when he is in possession, has been recognized as a proper subject of taxation and property may be legally assessed to a person in possession or control thereof and who claims an interest therein. Accordingly, personal property in the possession and control of a purchaser under a conditional sales contract and who has been invested with all the indicia of ownership is properly assessed to the purchaser."

In interpreting the South Dakota statutes, the court said:

"Our statutes pertaining to listing for taxation of personal property does not take into account qualified or conditional estates (sales) of personal property and seems to have no reference to legal and equitable or general and specific owners. The Legislature has not seen fit to require the assessor to ascertain and list separately the interest of the purchaser and the seller of the parties to a conditional sales contract." The court concluded that "Baker was in the lawful possession and had certain ownership in the reaper-thresher which created such an interest in the property that it was taxable to him just as much and with the same force and effect as though he held the legal title and for the purpose of securing the vendor had executed a chattel mortgage for the payment of the purchase price."

The supreme court of Alabama, passing upon a similar question in *State v. White Furniture Co.*, 206 Ala. 575, 90 So. 896, said: "So, when a statute requires that property be assessed to the owner, * * * it means the general and beneficial owner—that is, the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate absolute ownership—and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such."

In the instant case, some payments were made by Joseph Constantino in accordance with the conditions of the conditional sales contract; he had possession of the property and the beneficial use thereof; he had an equity in the property by virtue of the payments he had made. Furthermore, the conditional sales contract contained the agreement that Constantino was to pay the taxes that may be assessed against the machinery. Certainly, such language admits of no other conclusion than the right of the sheriff to levy on such property under the distress warrant. Many other cases are cited that have to do with statutes, not analogous in many instances but similar to ours, on the question of listing property for assessment of taxes. A résumé of these cases would unnecessarily lengthen this opinion, but cases holding similarly to *Massey-Harris Co. v. Lerum, supra,* are: *Jordan v. Baggett,* 37 Ga. App. 537, 140 S. E. 902; *Singer Sewing Machine Co. v. Cooper,* 263 Fed. 994; *State v. White Furniture Co., supra.*

The fact that the tax must be levied on the owner of the property does not necessarily mean the holder of the title. In a conditional sale the title in the seller is for security only, to assure the payment of the purchase price. It carries with it none of the ordinary incidents of ownership. The buyer has the use of the property to the complete exclusion of the seller, subject only to the seller's remedy in case of default, and both in a practical and legal sense the buyer is the beneficial owner. See *State v. J. I. Case Co.,* 189 Minn. 180, 248 N. W. 726; *County of San Diego v. Davis,* 1 Cal. (2d) 145, 33 Pac. (2d) 827; *Walker v. Houston,* 215 Cal. 742, 12 Pac. (2d) 952, 87 A. L. R. 937.

We conclude that when a statute requires that property be assessed to the owner it means the general and beneficial owner, the person whose interest is primarily one of possession and enjoyment and not the person whose interest is primarily one in the enforcement of a collateral and pecuniary claim and does not enjoy the use of the property as such.

We deem unnecessary a determination of the question of

plaintiff's failure to file the proper affidavit with the conditional sales contract required by section 36-208, Comp. St. 1929; nor is an analysis of section 77-1923, Comp. St. 1929, necessary, in view of the authorities and decisions heretofore cited.

The action of replevin is a law action, requiring return to or recovery by a person of goods or chattels, wrongfully taken or retained, and the right of immediate possession. The trial court dismissed the plaintiff's petition. The validity of the tax as against Joseph Constantino is not questioned, nor the validity of the distress warrant under which the sheriff sought to levy on such property. The trial court erred in dismissing the plaintiff's petition and action. This is conceded by both parties. The following authorities, under the circumstances, are applicable:

In *Securities Investment Corporation v. Krejci*, 128 Neb. 763, 260 N. W. 396, this court held: "Where property has been taken under a writ of replevin and delivered to plaintiff and the verdict is in favor of defendant, the judgment must be in the alternative for the return of the property or for its value, or for the value of defendant's possession, if it cannot be returned, and for damages for illegal detention."

In *Roberson v. Reiter*, 38 Neb. 198, 56 N. W. 877, the court held: "In an action of replevin, where the property replevied has been delivered to the plaintiff under the writ, in case the verdict finds for the defendant, the judgment must be in the alternative for a return of the property, or the value thereof, or the value of the possession of the same, and for damages." And in *Manker v. Sine*, 35 Neb. 746, 53 N. W. 734, it was said: "The error in the form of the judgment in the case at bar will not necessitate a new trial, but a proper judgment may be rendered upon the verdict."

The case is reversed and remanded, with directions to the trial judge to enter a proper judgment, in denying the plaintiff the immediate right of possession or return of the property, holding that the appellees are entitled to a return of the property taken, or, in the alternative, for the value of

the property, or for the value of appellees' possession, if the property cannot be returned.

There is some evidence of the sum of $40 for storage of the machinery which the plaintiff claims as damages. The evidence is not clear on this item, or that the plaintiff paid such storage charge, or that the same was a legal and reasonable charge therefor, or that any such charge was made.

REVERSED.

The following opinion on motion for rehearing was filed April 9, 1943.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Landis Machine Company, plaintiff, brought this action in replevin against Omaha Merchants Transfer Company and William H. Dorrance, sheriff of Douglas county, Ne-

braska, defendants, to recover the possession of certain shoe repair machinery taken under a distress warrant for delinquent personal taxes of one Joseph Constantino. Plaintiff appealed from an adverse judgment and the decision of this court thereon is reported *ante*, p. 389, 6 N. W. (2d) 380. Upon rehearing granted, we have concluded that our former opinion should be modified in certain particulars.

The record discloses that on October 3, 1936, Joseph Constantino ordered the machinery from plaintiff, the terms of the purchase to be settled by the execution of a conditional sales contract. On October 12, 1936, plaintiff, as vendor, and Joseph Constantino, as vendee, made, executed and delivered the conditional sales contract which details the full transaction *in extenso*. The affidavit required by law (Comp. St. 1929, sec. 36-208) appears on the back of the conditional sales contract. They were duly filed in the Douglas county clerk's office at 8 o'clock a. m. on November 6, 1936.

The machinery involved was accordingly delivered to vendee on October 12, 1936. He made a few payments and used the machinery until early in August, 1939, at which time he notified plaintiff that he had left his location and was quitting business. Thereupon plaintiff sent defendant, Omaha Merchants Transfer Company, to repossess the property. The transfer company went to get the property for plaintiff and had moved it out of the business location to the sidewalk on the street when the sheriff levied a distress warrant upon it for the delinquent personal taxes of the vendee Joseph Constantino for the years 1930, 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1939. Plaintiff later brought this action, repossessed the property from the sheriff, and gave statutory bond. There is no evidence in the record of the value of the property but the amount of the taxes for each year can be readily ascertained by reading the tax list attached to the distress warrant which appears in the evidence.

It is insisted that plaintiff does not have the remedy of replevin in view of section 77-1923, Comp. St. 1929. The

purpose and intent of this section is to provide a just and adequate legal remedy for the tax debtor, and prevent delay in the collection of public revenue during vexatious litigation. However, the remedy has no application to strangers to the tax, third persons whose property has been distrained for the taxes of another. See 54 C. J. 430; 61 C. J. 1105; 23 R. C. L. 879, sec. 32; 4 Cooley, Taxation (4th ed.) sec. 1620; *Rothwell v. Knox County,* 62 Neb. 50, 86 N. W. 903; *Tousey v. Post,* 91 Mich. 631, 52 N. W. 57; *Thompson Lumber Co. v. Hynes,* 84 Wis. 353, 54 N. W. 576; *Pioneer Fuel Co. v. Molloy,* 131 Mich. 465, 91 N. W. 750.

Defendants make point of the fact that Joseph Constantino, vendee, agreed with plaintiff, vendor, in their conditional sales contract to pay the taxes on the property taken. We do not believe the contention is material here for the reason that such contracts may be binding as between the parties but in the absence of privity they do not affect the rights of the taxing authorities. See 61 C. J. 172; 2 Cooley, Taxation (4th ed.) sec. 603; *Flavin v. Partello,* 132 Misc. 325, 229 N. Y. Supp. 578.

It is argued orally and in the brief by counsel for defendants that the conditional sales contract filed in the Douglas county clerk's office is void in that it failed to comply with section 36-208, Comp. St. 1929, by attaching the affidavit so required. This section has since been amended eliminating the requirement for the affidavit. Comp. St. Supp. 1941, sec. 36-208.

A careful examination of the record discloses that the conditional sales contract was signed by both the vendor and the vendee. An affidavit sworn to before a notary public with seal attached, executed by both vendor and vendee appears on the back of the conditional sales contract. The only defect in the affidavit is that it fails to state the true interest of the vendor. This all appears fully in the conditional sales contract of which the affidavit is a part. They were received in evidence without objection. The sole purpose of the act is to protect any purchaser or judgment creditor of the vendee in actual possession without notice.

In *General Motors Acceptance Corporation v. Sutherland*, 122 Neb. 720, 241 N. W. 281, the signature of affiant appeared only in the beginning of the affidavit, not at its conclusion, and the seal of the notary was not attached. However, we gave validity to the instrument, and *a fortiori* we give validity to the instrument in dispute. See, also, *Crancer Co. v. Cooper*, 98 Neb. 153, 152 N. W. 304, 100 Neb. 335, 160 N. W. 92; 2A U. L. A. (Bogert, Commentaries on Conditional Sales), p. 91.

Appellant's contention that the distraint was in violation of its constitutional rights by deprivation of property without due process of law is answered adversely to it in *Krug v. Hopkins*, 132 Neb. 768, 273 N. W. 221. See, also, 61 C. J. 1044; 12 Am. Jur. 86, sec. 443.

The important question for decision is whether under these facts and circumstances the county of Douglas had a first lien on the property involved for the delinquent personal taxes of the vendee, Joseph Constantino. Two sections of our statutes are of first importance to determination. Section 77-1959, Comp. St. Supp. 1941 (formerly section 77-204, Comp. St. 1929), provides in part: "Taxes assessed upon personal property shall be a *first lien* upon *the personal property of the person to whom assessed* from and after the first day of November next following the date upon which the same are levied and until paid." (Italics supplied.) Section 77-1915, Comp. St. 1929, also provides, in part: "The treasurer shall, on * * * the first day of February ("March" in section 77-1915, Comp. St. Supp. 1941) next after the personal taxes for the last preceding year have become delinquent, collect the same, together with interest and costs of collection, by distress and sale of *personal property belonging to the person against whom levied* in the manner provided by law for the levy and sale of personal property on execution." (Italics supplied.)

We have heretofore given consideration to the construction and meaning of section 77-204, Comp. St. 1929, and held that the statutory first lien for taxes upon the personal property of the person to whom assessed is not confined

to the specific article of personal property assessed, as it attaches to real property, but that it attaches to every variety of personalty including that subsequently acquired and belonging to the tax debtor on November 1 next following the date upon which the same are levied and until paid. This applies even where the property would be exempt from ordinary levy and sale. See *Krug v. Hopkins,* 132 Neb. 768, 273 N. W. 221; *Foster & Smith Lumber Co. v. Leisure,* 3 Neb. (Unof.) 237, 91 N. W. 556; *Reynolds v. Fisher,* 43 Neb. 172, 61 N. W. 695; *Farmers Loan & Trust Co. v. Memminger,* 48 Neb. 17, 66 N. W. 1014; *Woolsey v. Chamberlain Banking House,* 70 Neb. 194, 97 N. W. 241; *Midland Guaranty & Trust Co. v. Douglas County,* 217 Fed. 358, 133 C. C. A. 274. An examination of the record does not disclose any evidence that the specific property involved was ever assessed in any manner for any purpose, but the above authorities make that question entirely immaterial to decision.

We must determine whether the property involved is personal property of the person assessed, Joseph Constantino, vendee, so that there is a first lien for his unpaid personal taxes; if so, for what period and whether it is personal property belonging to the person assessed so that it can be distrained as provided by statute. It is conceded by counsel for plaintiff that the fact that plaintiff had the property involved in its possession in Douglas county, Nebraska, when the distress warrant was served, is immaterial and without force to decision, the lien, if any exists, being statutory and not dependent upon possession. See 1 Jones, Liens (3d ed.) p. 98; 33 Am. Jur. 432, sec. 24; *Grant v. Whitwell, Marsh & Talbott,* 9 Ia. 152.

We have held in *Union Stock Yards Nat. Bank v. Thurston County,* 65 Neb. 410, 92 N. W. 1022, relied upon by plaintiff, that the owner of personal property within the meaning of the tax laws is the person who has the legal title thereto. The opinion, however, was simply an adjudication that certain cattle must be assessed to the mortgagor as owner and not to the mortgagee. If we similize

chattel mortgages and conditional sales contracts, as has been done by many courts, the vendee is in the position of mortgagor and the vendor that of mortgagee. The theory of the Uniform Conditional Sales Act, adopted by many other states, is that these two transactions should be treated alike in the law since they have identical objects and effects. 2A U. L. A., *supra*, pp. 10-11.

Under a conditional sales contract each party has certain property interests in the goods less than complete and absolute ownership. The right of the seller to collect the price is the principal thing; the reservation of title, the secondary thing. The reservation of title is not absolute but for the limited purpose of collecting the price. The conditional buyer's rights are property rights and not mere contract rights. 2A U. L. A., *supra*, pp. 28-39, 48. The vendor under a conditional sales contract retains title solely for security; other attributes of ownership as possession, use, control, or right thereto under such a contract belong to the vendee. *Trust Company of Chicago v. Lewis Auto Sales,* 306 Ill. App. 132, 28 N. E. (2d) 300. Sections 69-301 and 69-302, Comp. St. 1929, recognize these conclusions and give mutual protection to the property rights of both the vendor and the vendee.

Bearing this in mind, shall the property involved be excluded from inclusion in the purview of the tax statutes? Section 77-1401, Comp. St. 1929 (now section 77-1401, Comp. St. Supp. 1941), provides in part: "Personal property shall be listed in the manner following: First. Every person of full age and sound mind, being a resident of this state. shall list all his * * * other personal property * * * ." Thereafter follow nine requirements for property listings in a representative capacity, none of which can include the vendee of a conditional sales contract. Sections 77-1413 and 77-205, Comp. St. 1929, are simply directive of representative listings for taxation, or provide a lien for recoupment of taxes paid in a representative capacity. The vendee is not an agent or serving in any representative capacity, as claimed by plaintiff.

It has been called to our attention that *Massey-Harris Co. v. Lerum,* 60 S. Dak. 12, 242 N. W. 597, relied upon in our former opinion, has since been modified by *General Motors Acceptance Corporation v. Whitfield,* 62 S. Dak. 415, 253 N. W. 450. The latter case adheres to the doctrine that the vendee is taxable as owner but holds that the property is not distrainable for taxes, as held in the *Massey-Harris* case. In other words, *General Motors Acceptance Corporation v. Whitfield, supra,* holds that the vendee in a conditional sales contract is an owner for taxation but not an owner for collection. We cannot logically concede that the state has the power to tax the property of the vendee as owner but is powerless to enforce collection by distraint upon the same hypothesis.

We adhere to the rule established in our former opinion, *ante,* p. 389, 6 N. W. (2d) 380, that the property involved was personal property belonging to the person assessed, Joseph Constantino, vendee, his interest under the conditional sales contract being one of possession, use and enjoyment as the general beneficial owner, attached to which are all the burdens incident to absolute ownership as against the world, except plaintiff vendor, whose interest in the property is one of title for security of payment only, and not absolute ownership. See, also, Vold on Sales, pp. 267-288; 50 C. J. 776, 778; 10 C. J. S. 242; 61 C. J. 636.

However, we depart from our former opinion in its application to the case at bar with reference to prior taxes. The principle of subordination of liens for taxes to liens lawfully created by contract has been recognized in the act providing that a first lien for taxes shall exist in favor of the state on all the personal property of the person to whom assessed, the tax debtor, from and after November 1 next following the date upon which the same are levied and until paid. See *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, 84 N. W. 802; *City of Lincoln v. Lincoln Street R. Co.,* 67 Neb. 469, 93 N. W. 766.

The term "lien" is applied in various modes but in all cases it signifies an obligation, tie, duty or claim annexed

to or attaching upon property by the common law, equity, contract or statute, without satisfying which such property cannot be lawfully demanded by another. See 1 Jones, Liens (3d ed.) p. 4; 33 Am. Jur. 419, sec. 2. A lien affords a supplemental and additional remedy for collection which is given the force of law. A statute giving a lien is regarded as remedial and must be so construed as to give full force and effect to the remedy, in view of the beneficial purpose contemplated. See 1 Jones, Liens (3d ed.) p. 99. We are called upon to decide the question of priorities between the statutory first lien for taxes and the contractual lien of plaintiff.

We have held in this connection that, where there is an absolute sale with chattel mortgage back, the chattel mortgage if executed before the tax books came into the hands of the collector (now November 1) is superior to statutory tax liens of prior years but inferior to such tax liens for subsequent years. See *Woolsey v. Chamberlain Banking House,* 70 Neb. 194, 97 N. W. 241; *Platte Valley Milling Co. v. Malmsten,* 79 Neb. 730, 113 N. W. 229.

Justice demands that we apply the same rule to the case at bar. In other words, we must hold that a conditional sales contract executed before November 1 is superior to statutory tax liens of prior years, but inferior to such tax liens for subsequent years, in which event the first lien for taxes in the case at bar would be superior to the conditional sales contract only for the years 1936, 1937 and 1939, in the sum of $94.81. No taxes appear in the tax list attached to the distress warrant for the year 1938, and there is no evidence in the record that any of the taxes involved were assessed to other than Joseph Constantino.

Where property has been taken under a writ of replevin and delivered to plaintiff and the verdict is in favor of defendant, the judgment must be in the alternative, for the return of the property or for its value or for the value of defendant's possession if it cannot be returned, and for damages for illegal detention. *Securities Investment Corporation v. Krejci,* 128 Neb. 763, 260 N. W. 396; Comp. St. 1929, sec. 20-10,104.

In an action to replevin property claimed unlawfully distrained for personal taxes, if there is no evidence of the value of the property taken but no point is made thereof in the trial court, it will be presumed on appeal to this court that the case was tried on the theory that the property was worth more than the amount of the taxes, and judgment for defendant will not be reversed on the ground that it might have been less. *Forster v. Brown,* 119 Mich. 86, 77 N. W. 646; *Underwood v. Chicago & N. W. R. Co.,* 100 Neb. 275, 159 N. W. 408. If the judgment of the trial court in a replevin action is not in proper alternative form, a new trial will not be granted, but the judgment will be reversed and the cause remanded with directions to render a proper judgment upon the verdict. *Manker v. Sine,* 35 Neb. 746, 53 N. W. 734.

Our former opinion is hereby vacated and set aside, in so far as it conflicts with this opinion, and the judgment of the trial court is reversed and the cause remanded with directions to enter a proper judgment denying the plaintiff the immediate right of possession or return of the property involved, and holding that defendant is entitled to a return of the property taken by plaintiff, or, in the alternative, for the value of the property taken or the value of defendant's possession, in the sum of $94.81, the amount of the taxes for 1936, 1937 and 1939, with interest at the statutory rate from the respective dates of delinquency, if the property cannot be returned, together with nominal damages for unlawful detention.

REVERSED.